UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABRAM D. BRAVEBOY,<br><br>    Petitioner,<br><br>    v.<br><br>TONYA JAMES, Warden,<br><br>    Respondent. | Case No. 2:20-cv-10609-JGB-KES<br><br>ORDER DISMISSING PETITION AND DENYING CERTIFICATE OF APPEALABILITY |

**I.**

**BACKGROUND**

On November 18, 2020, the Court received a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition" at Dkt. 1) from Abram D. Braveboy ("Petitioner"). In 2002, Petitioner was convicted of armed robbery and other crimes in a South Carolina state court, and he was sentenced to 35 years in state prison. South Carolina v. Braveboy, Case Nos. G634953, G634954, G634955, G634963, G838062, G838063, G838059 (S.C. Richland Cnty. Ct. of Gen. Sessions).[1] He is currently in the custody of the state of South Carolina and is

---

[1] Public records of the South Carolina court are available online at: https://publicindex.sccourts.org/Richland/PublicIndex/PISearch.aspx (last accessed

1

incarcerated at Kershaw Correctional Institution in Kershaw, South Carolina. (Pet. at 1); South Carolina Dep't of Corr., Incarcerated Inmate Search, ID No. 284787.[2]

The Petition argues that Petitioner should be released from custody because the criminal judgments against him were vacated in post-conviction relief proceedings in South Carolina state court. (Pet. at 3 ¶ 9(a).) He claims that he prevailed in that action because the state defaulted by failing to timely respond to his summary judgment motion. (Dkt. 2 at 1); Braveboy v. South Carolina, No. 2016CP4005602 (S.C. Richland Cnty. Ct. of Gen. Sessions).

The Petition is dismissed because venue is improper in the Central District of California. Dismissal, rather than transfer to the proper venue, is appropriate because the Petition appears to be an unauthorized second or successive petition, and Petitioner has already filed a petition raising the same claims in the proper venue, the District of South Carolina.

## II.

## DISCUSSION

### A. The Petition is Properly Brought under § 2254, Not § 2241.

Although the Petition states that it is brought under 28 U.S.C. § 2241 (Pet. at 1), the Court finds that it is properly considered under 28 U.S.C. § 2254. Section 2254 provides that "a person in custody pursuant to the judgment of a State court" may file a habeas petition challenging that judgment on the grounds "that he

---

December 1, 2020). The Court takes judicial notice of these and the other public records cited in this order. See Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); Harris v. Cty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012) ("We may take judicial notice of undisputed matters of public record … including documents on file in federal or state courts.").

[2] Available online at: https://public.doc.state.sc.us/scdc-public/ (last accessed December 1, 2020).

2

is in custody in violation of the Constitution or laws or treaties of the United States." Petitioner here is in custody pursuant to a criminal judgment of a South Carolina state court, and he argues that his imprisonment violates his constitutional rights under the Eighth Amendment. (Pet. at 3 ¶ 9.)

As discussed below in Section II.C, this is not the first federal habeas petition that Petitioner has filed challenging these convictions. To the extent he is attempting to rely on § 2241 to avoid the bars on untimely or successive petitions, this is improper. See Greenawalt v. Stewart, 105 F.3d 1287, 1287 (9th Cir. 1997) ("It is clear that Greenawalt is attempting to avoid the limitations imposed on successive petitions by styling his petition as one pursuant to § 2241. The Supreme Court has instructed us that the authority of the federal courts to grant habeas relief to state prisoners under § 2241 is limited by 28 U.S.C. § 2254.") (citing Felker v. Turpin, 518 U.S. 651 (1996)). Although a prisoner in *federal* custody may sometimes file a petition under § 2241 under the "escape hatch" in 28 U.S.C. § 2255(e), no such provision exists for prisoners in *state* custody. See Fisher v. Ventura Cty. Sheriff's Narcotics Agency, No. 14-cv-04494-VBF-MAN, 2014 U.S. Dist. LEXIS 84331 at *3-4 n.1, 2014 WL 2772705 at *1 n.1 (C.D. Cal. June 18, 2014) ("Section 2254 contains no language comparable to that in section 2255 which could be construed as providing an 'escape hatch' for habeas review through section 2241."); Forde v. People of Cal., No. 08-cv-0259-RGK-MLG, 2008 WL 2064779 at *3 (C.D. Cal. May 12, 2008) ("[H]abeas review of state court judgments is governed by 28 U.S.C. § 2254, not section 2241 or section 2255. Section 2254 contains no language comparable to that in section 2255 which could be construed as providing an "escape hatch" for habeas review through section 2241.").

Thus, the pro se Petition is properly construed as brought under 28 U.S.C. § 2254 rather than § 2241.

**B.  Venue is Improper in the Central District of California.**

The proper venue for a § 2254 habeas petition is either: (a) the district where the petitioner is presently confined, or (b) the district where he was convicted.  See 28 U.S.C. § 2241(d); Dannenberg v. Ingle, 831 F. Supp. 767, 767 (N.D. Cal. 1993). The present Petition alleges, and public records confirm, that Petitioner is in custody pursuant to a judgment of a South Carolina state court, and that he is confined in South Carolina.  Indeed, it is unclear what connection Petitioner has with the Central District of California, if any.

If a habeas petition is filed in an improper venue, the court may either dismiss the petition or transfer it to the correct venue, if transfer is "in the interest of justice."  See 28 U.S.C. § 1406(a).  Here, the Court finds that dismissing the Petition rather than transferring it to the District of South Carolina is in the interest of justice because, as discussed below, the Petition appears to be an unauthorized second or successive Petition.  See, e.g., Kokoski v. Norwood, No. 06-cv-1170-VAP-FMO, 2007 U.S. Dist. LEXIS 105872 at *8, 2007 WL 9753225 at *4 (C.D. Cal. Jan. 16, 2007) ("the Court sees no need to transfer" a "habeas petition that is likely barred as a successive petition"), aff'd, 299 F. App'x 720 (9th Cir. 2008).

**C.  The Petition Appears to Be a Second or Successive Petition.**

Generally, under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a petitioner may file only one habeas petition under § 2254.  "A claim presented in a second or successive habeas corpus [petition] under section 2254 *that was presented in a prior [petition]* shall be dismissed." 28 U.S.C. § 2244(b)(1) (emphasis added).  Even if the second § 2254 petition raises a *new* claim that was not raised in the prior petition, the petitioner must demonstrate one of the following:

>   (A) ... the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). Additionally, before filing a second or successive § 2254 petition in the district court, the petitioner must "move in the appropriate court of appeals for an order authorizing the district court to consider" the second petition, showing that one of these criteria are met. 28 U.S.C. § 2244(b)(3)(A).

In August 2011, Petitioner filed a § 2254 habeas petition in the U.S. District Court for the District of South Carolina, arguing that defects in the indictments used to charge him in state court rendered the criminal judgments void. The court dismissed the petition as untimely under AEDPA's one-year statute of limitations. Braveboy v. Cartledge, No. 8:11-cv-02075-TMC (D.S.C. Dec. 5, 2011) (report and recommendation of U.S. Magistrate Judge, accepted on January 6, 2012). "[D]ismissal of a section 2254 habeas petition for failure to comply with the statute of limitations renders subsequent petitions second or successive for purposes of the AEDPA, 28 U.S.C. § 2244(b)." McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009). According to public records, Petitioner has not sought permission to file a second or successive § 2254 petition from the U.S. Court of Appeals for the Fourth Circuit.[3]

Additionally, in October 2020, Petitioner filed another § 2254 petition in the U.S. District Court for the District of South Carolina, which remains pending. It

---

[3] Records of the U.S. Courts of Appeals are available through PACER at https://pacer.uscourts.gov/.

5

raised essentially the same claim as the present Petition. The U.S. Magistrate Judge assigned to the case issued a report and recommendation finding Petitioner's allegations "frivolous," explaining:

> Contrary to Petitioner's assertions, his convictions and sentence have not been invalidated. Although Petitioner alleges that he has been adjudicated a free man, he has failed to support his conclusory assertion with any plausible factual allegations. Moreover, the Court has carefully reviewed the docket in the Richland County Court of Common Pleas at case number 2016-cp-40-05602 and concludes that the PCR [post-conviction relief] court has not invalidated Petitioner's convictions and sentence. Indeed, the PCR court has not issued any final order in that action, or any order whatsoever, and that action appears to remain pending. ... Further, the undersigned notes that Petitioner has filed three other PCR actions in the Richland County Court of Common Pleas, at case numbers 2004-cp-40-02246, 2005-cp-40-02867, and 2010-cp-40-03450. ... The PCR court dismissed each of those actions, finding Petitioner was not entitled to relief. Accordingly, the Petition is frivolous and should be dismissed on this basis.

Braveboy v. James, No. 8:20-cv-03486-TMC (D.S.C. Nov. 10, 2020). The Magistrate Judge also found that Petitioner had failed to exhaust his state court remedies, and that the petition was untimely under AEDPA's one-year statute of limitations. Id. Petitioner filed objections to the report on November 23, 2020. Id., Dkt. 20. As of December 2, 2020, the District Judge assigned to that case has not yet decided whether to accept the report and recommendation.

Given that the current Petition appears to be an unauthorized second or successive petition, and because Petitioner has already raised the same claim in a petition in the proper venue (the U.S. District Court for the District of South

Carolina), this Court will dismiss the Petition rather than transferring it to the proper venue.

**D.     A Certificate of Appealability ("COA") Will Not Issue.**

"The district court must issue or deny [COA] when it enters a final order adverse to" a habeas petitioner. Rule 11(a), Rules Governing Section 2254 and 2255 Cases in the United States District Courts. "Unless a circuit justice or judge issues a [COA], an appeal may not be taken to the court of appeals from ... the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." 28 U.S.C. § 2253(c)(1)(A). Petitioner's detention arises out of process issued by a State court, i.e., his criminal convictions in South Carolina state court. See generally Sanchez-Rengifo v. Caraway, 798 F.3d 532, 535 (7th Cir. 2015) (holding that petitioner housed in a federal penitentiary was required to obtain a COA because he "was convicted of his crimes in the Superior Court of the District of Columbia"). The Court must therefore determine if a COA shall issue.

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires the habeas petitioner to show that "reasonable jurists could debate whether (or for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). For the reasons discussed in this Order, Petitioner has not made such a showing.

//
//
//
//
//
//

## III.
## CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that judgment shall be entered dismissing the Petition without prejudice based on improper venue, and a COA is denied.

DATED: December 14, 2020

JESUS G. BERNAL
UNITED STATES DISTRICT JUDGE

Presented by:

KAREN E. SCOTT
United States Magistrate Judge